EASLEY, Justice,
Concurring in Part and Dissenting in Part.
¶ 64. I must respectfully concur in part and dissent in part with the majority opinion. I agree with the majority’s opinion as to Issues II and III only. In Issue I, the majority imposed a ninety-day suspension upon Catledge. I disagree with the imposition of a ninety-day suspension and would impose, only a public reprimand.
¶ 65. I would order that Catledge receive a public reprimand only. The Tribunal found that Catledge did not use the money from a temptation to use Shields’s money for his own use. While Catledge’s actions are not condoned, his actions were not as egregious as those relied upon by cases cited by the Bar. Further, the Tribunal found that Catledge satisfied its concern about protecting the public by his implementation of an office accounting system to safeguard against any potential problems in the future. The Tribunal also ruled that the facts of Catledge’s case required a lesser sanctions than either three years suspension or disbarment as other similar cases. The Tribunal also determined that Catledge did not intentionally utilize Shields’s funds, he implemented corrective procedures, never made any misrepresentations and cooperated with the Bar in this matter. The Tribunal determined that Shields suffered no harm or injury because she received all the money owed to her on or before requesting payment. The Tribunal considered all the past disciplinary matters involving Cat-ledge. Nevertheless, it found that Cat-ledge was simply inattentive to controlling his office accounting. I agree with the Tribunal’s findings. However, based upon other' similar cases, Catledge’s actions were not so egregious as to warrant a one-year suspension, three-year suspension or disbarment. While the money was commingled, Catledge hired a C.P.A. to set up a system in his office to safeguard against any future trust fund issues, he never made misrepresentations to his client, he paid his client all the money owed to her and he cooperated with the Bar and Tribunal. Furthermore, Catledge’s actions are not condoned, however, his actions were not-as egregious as other cases cited by the Bar. While Catledge does have some past disciplinary matters, only one of them directly relates to commingling of money *193 and the agreed order acknowledges that a bank was partly at fault for failure to pay funds on an account had sufficient funding.
¶ 66. Accordingly, I respectfully concur in part as to Issues II and III. However, I respectfully dissent in part with the majority’s ninety-day suspension as I believe that Catledge should receive a public reprimand only for his actions.